IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FRANCISCO VALLECILLA OBANDO,

Petitioner,

v.

OPINION and ORDER

E. EMMERICH and IMMIGRATION AND CUSTOMS ENFORCEMENT,

26-cv-649-jdp

Respondents.

---

Francisco Vallecilla Obando, proceeding without counsel, seeks habeas corpus relief under 28 U.S.C. § 2241, seeking an order directing the Bureau of Prisons to apply First Step Act time credits entitling him to release before his otherwise-scheduled December 2028 date.[1]

The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which also apply to petitions like this one brought under § 2241.[2] Under Rule 4, I must dismiss the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." In reviewing this petition brought by an unrepresented petitioner, I must read the allegations generously, holding them to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Vallecilla Obando states that the Bureau of Prisons refuses to apply the First Step Act time credits that he has earned, stating that he is subject to an expedited order of removal

[1] Vallecilla Obando is incarcerated at the Federal Correctional Institution in Oxford, Wisconsin. He filed this petition in the United States District Court for the Eastern District of Wisconsin, which transferred it here.

[2] *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

issued by United States Immigration and Customs Enforcement. *See* Dkt. 1-1. Because of that order he is ineligible to have First Step Act time credits applied to his sentence. *See* 18 U.S.C. § 3632(d)(4)(E)). Vallecilla Obando says that this order was unlawfully imposed upon him because he isn't an "applicant for admission" to the United States.

I will deny Vallecilla Obando relief because this court lacks jurisdiction to address his argument about the validity of the removal order. Generally, only the court of appeals has jurisdiction to review final orders of removal. *See* 8 U.S.C. § 1252(a)(5). Judicial review of expedited orders of removal under § 1225(b)(1) is allowed by habeas petition in this district court, but that review is limited to whether the petitioner (1) is an alien; (2) was ordered removed under § 1225(b)(1); or (3) qualifies as a lawful permanent resident, refugee, or has been granted asylum. Section 1252(e)(2).

In his petition, Vallecilla Obando argues that the statutory jurisdictional bars violate the Suspension Clause, U.S. Const. art. I, § 9, cl. 2, and his constitutional right to due process. But that is an argument that I have already rejected in other similar § 2241 proceedings. *See, e.g.*, *Edah v. U.S. Immigr. & Customs Enf't*, No. 25-cv-577-jdp, 2025 WL 2419634, at *2 (W.D. Wis. Aug. 21, 2025) ("'The REAL ID Act clarified that final orders of removal may not be reviewed in district courts, even via habeas corpus [in all but limited cases], and may be reviewed only in the courts of appeals.'" (quoting *Nasrallah v. Barr*, 590 U.S. 573, 580 (2020))); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 118 (2020) (writ of habeas corpus not understood at time of Constitution's adoption to allow petitioner to seek vacation of removal order).

In a supplement to his petition, Dkt. 6, Vallecilla Obando argues that the district court actually does have jurisdiction over his petition, but in none of his filings does he suggest that

his petition falls within any of Section 1252(e)(2)'s provisions that would grant this court jurisdiction over his petition. So I will dismiss Vallecilla Obando's petition.

ORDER

IT IS ORDERED that:

1. Petitioner Francisco Vallecilla Obando's motion for leave to file a supplemental jurisdictional statement, Dkt. 6, is GRANTED.

2. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DISMISSED.

3. The clerk of court is directed to enter judgment and close this case.

Entered August 26, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge